IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CR-80-1BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| BENJAMIN J. VILOSKI | ) | |

This matter is before the Court on defendant's motion requesting early termination of his term of supervised release [DE 4]. The government has responded in opposition, and the matter is ripe for ruling. For the following reasons, defendant's motion is granted.

Defendant Benjamin Viloski was sentenced to a term of 60 months' imprisonment after he was found guilty of conspiracy to commit mail and wire fraud, mail fraud, conspiracy to commit money laundering, money laundering, and making false statements to federal officials. He was also sentenced to a three-year term of supervised release, ordered to pay a $900 special assessment, and was jointly and severally responsible for $75,000 in restitution. On June 14, 2016, defendant was released from custody and began his term of supervision. His supervision was transferred to this district on July 29, 2016. On January 25, 2018, defendant filed the instant motion for early termination of his supervised release.

In his motion, defendant represents, and his probation officer confirmed to the U.S. Attorney's Office, that he has personally paid more than $60,000 of the restitution owed. The remaining balance due is under $7,000. He has been fully compliant while on supervision. He requests termination primarily because he has a new job opportunity that would require him to travel frequently and to change his schedule on short notice. The government has responded in opposition to the motion on the sole ground that restitution has not yet been fully paid. The

government went on to indicate that it would not object to early termination once the restitution order was paid.

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553. Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Section 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

Although the Court recognizes that mere compliance with the terms of supervised release is insufficient to warrant early termination, *see Folks v. United States*, 733 F. Supp.2d 649, 652 (M.D.N.C. 2010) (collecting cases), after considering the requisite factors in § 3553(a), the Court finds that early termination is warranted in this instance. The government itself stated that it "understands Defendant's argument that, with his current job offer, supervision could hinder rather than facilitate his rehabilitation." [DE 7 at 4]. Prior to this offer, defendant had only been able to find short-term jobs. Despite this, defendant has himself paid nearly all of the restitution order enforceable against both him and his co-defendants. Defendant's conduct since his release, including caring for his family and excelling in an online MBA course, demonstrates that the goals of supervised release have been satisfied. The Court has determined that additional supervision would not further the interests of justice. The motion for early termination [DE 213] is therefore GRANTED.

SO ORDERED, this ___ day of April, 2018.

                                                      _____
                                                      TERRENCE W. BOYLE
                                                      UNITED STATES DISTRICT JUDGE